RUSTIN COMPANY, PLAINTIFF-RESPONDENT, v. JAMES BOWEN, DEFENDANT-APPELLANT.

Argued October 6, 1942—Decided February 2, 1943.

Before Justices BODINE, HEHER and PERSKIE.

For the appellant, *Melosh, Morten & Melosh* (*Louis G. Morten,* of counsel).

For the respondent, *Charles N. Kors.*

The opinion of the court was delivered by

HEHER, J.   Defendant leased to plaintiff certain lands situate on Communipaw Avenue, in the City of Jersey City, for the term of five years commencing October 1st, 1939, at a stipulated monthly rental.   Plaintiff deposited with defendant the sum of $150, to "be applied against the last two months of the lease term."   There was a covenant of peaceful and quiet enjoyment during the term.   In the course thereof, the municipality instituted proceedings in Chancery to foreclose a tax sale certificate covering the demised premises, in which plaintiff and defendant were joined as parties defendant; and on April 2d, 1940, a final decree was entered therein foreclosing the right of redemption of both parties. Thereupon, the municipality asserted its title, and demanded and received the rent from plaintiff.   The latter then sought a return of the security from defendant; and, upon failure of compliance with the demand, it brought this action to recover the deposit on the theory of "an eviction of the plaintiff by paramount title."   Defendant counter-claimed for the rent payable under the lease, and gave notice also of recoupment of damages for breach of the contract.   The counter-claim and notice of recoupment were "stricken because excessive;" and plaintiff was awarded judgment for the full amount claimed.

It is contended that plaintiff has not established a breach of contract, since it "sold its business and voluntarily vacated the premises on May 31st, 1941," and the vendee entered "into possession after plaintiff vacated and is still in possession of the leased premises;" and there was, moreover, no proof that plaintiff "has been evicted or disturbed in anyway whatever, by any act of defendant, or anyone else as to its rights and the rights of the vendee under" the lease. The point is not well-made.

Defendant's right of redemption had been cut off by the decree in the foreclosure proceedings; and thereafter plaintiff held possession of the leased premises under a contract with the municipality, and not under defendant's lease. Defendant then had no estate in or title to the demised lands; and plaintiff's rights under the lease had also been terminated, since its title was subordinate to the interest of the municipality under the tax sale certificate and it had been made a party to the foreclosure proceedings.

The underlying tax lien was paramount. *R. S.* 1937, 54:5-9. And if a municipality becomes a purchaser at a tax sale, it may foreclose the right of redemption. *Section* 54:5-34. The decree barred the right of redemption and foreclosed all prior and subsequent alienations of the lands and encumbrances thereon, except municipal liens. *Section* 54:5-87.

Plaintiff thereupon attorned to the municipality, and thereafter the rent was payable to it. Thus, plaintiff is entitled to a return of the money deposited to secure the payment of the last two months' rent reserved in the lease terminated by the foreclosure decree.

But it is maintained that plaintiff "has not proved that there has been any tax sale of the leased premises," inasmuch as the recitals of the sale embodied in the decree do not constitute proof of the fact, and that, even though they do, there is an utter lack of proof that "the lands described in the decree are the same lands as those described in the lease." This objection borders on the frivolous.

The recitals of the decree establish the sale of the lands to the municipality under the statute for arrears of taxes. The

decree is not subject to collateral attack. And there was evidence to prove that the tract of land described in the decree and that delineated in the lease are one and the same. The decree describes the lands as "Lot C-5, Block 1730 Communipaw Avenue, on the Official Tax Duplicate and Assessment Map of the City of Jersey City;" the lease refers to it as "Lot C-5, in Block 1730" on the northerly side of Communipaw Avenue. This was *prima facie* evidence of identity; and defendant adduced no evidence *contra*. Lands may be sold for taxes merely by lot and block number in accordance with the assessment map of the municipality. *Section 54:5-48.* And it goes without saying that they may be leased by the same description.

Lastly, it is said that there was error in the admission into evidence of the final decree in the foreclosure proceedings, in that the instrument does not disclose the acquisition of jurisdiction over defendant and was not accompanied by proof of "the proceedings upon which it was founded."

This ruling has not been specified as a reason for reversal, and so it is not open to review. Rule 145 of this court. Moreover, the decree reveals that defendant was a party to the foreclosure proceedings; and his right of redemption was thereby barred. As stated, the decree is not subject to collateral attack.

Judgment affirmed, with costs.